ADANTE POINTER, ESQ., 236229
PATRICK BUELNA, ESQ., SBN 317043
**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**
1901 Harrison St., Suite 1140,
Oakland, California 94612
Tel: (510) 929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY SOUTHERN, individually and as successor-in-interest to Decedent JEREMY SOUTHERN. <br><br> Plaintiff, <br><br> v. <br><br> CITY of SACRAMENTO, a municipal corporation; and DOES 1-50, inclusive. <br><br> Defendants. | Case No.: <br><br> COMPLAINT FOR DAMAGES <br> (42 U.S.C § 1983) <br><br><br> <u>JURY TRIAL DEMANDED</u> |

## **INTRODUCTION**

1. On July 21, 2020, a yet to be identified Sacramento police officer shot and killed 22-year-old Jeremy Southern *minutes after he had already been shot in the chest with a high-powered rifle* and was laying unarmed on the ground bleeding. The officer mercilessly shot Jeremy a second time, in the back, as Jeremy was in the midst of using his arms to raise himself up and off of his chest.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 1

2. Jeremy Southern survived the foster system.[1] At the time of the incident he was on his way to visit his only biological sibling, his brother Jimmy Southern, when he suffered a mental health crisis. When Sacramento officers executed Jeremy, Jimmy lost the only family he had left in this world. He brings this suit, because it is the only avenue of justice that he can count on to hold the shooting officer accountable.

## JURISDICTION

3. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Sacramento, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

## PARTIES

4. Plaintiff JIMMY SOUTHERN sues in his individual capacity and as successor-in-interest to Decedent JEREMY SOUTHERN.  Plaintiff is, and at all times herein mentioned, a citizen of the United States.  Plaintiff JIMMY SOUTHERN is the biological brother of Decedent JEREMY SOUTHERN. Decedent has no living parents, grandparents, wife or children, and therefore Plaintiff is his only successor-in-interest.

5. Defendant CITY OF SACRAMENTO is and at all times herein mentioned a municipal entity duly organized and existing under the laws of the State of California that manages and operates the CITY OF SACRAMENTO POLICE DEPARTMENT, and the yet-to-be-identified police officer.

6. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said Defendants by such fictitious names.

---

[1] Former foster children are nearly twice as likely to suffer from Post Traumatic Stress Disorder (PTSD) as United States war veterans returning from tours in Iraq, according to a study conducted by The Harvard Crimson, et. al. https://www.fosterfocusmag.com/articles/post-traumatic-stress-disorder-not-just-soldiers-problem

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 2

Plaintiff will amend this complaint to allege the true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE Defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each Defendant proximately caused injuries and damages because of his/her negligence, breach of duty, negligent supervision, management or control, and violation of public policy. Each Defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

7. In doing the acts alleged herein, Defendants, and each of them acted, within the course and scope of their employment for the CITY OF SACRAMENTO.

8. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

9. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity, and had fundamental involvement and was an integral participant to the events and violations of rights described herein, resulting in the deprivation of Plaintiff's and Decedent's constitutional rights and other harm.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 3

10. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more Doe defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

11. The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices, training, and procedures of the Sacramento Police Department.

**FACTUAL ALLEGATIONS**

12. On the afternoon of July 21, 2020, Jeremy Southern was walking with a friend in The Crossings apartment complex in Sacramento, California. At approximately 2:15pm, two Sacramento Police Department officers were at the same apartment complex to collect surveillance footage regarding a shooting that occurred there on July 15, 2020. The officers reportedly saw Mr. Southern, identified him as the potential shooting suspect and confronted him.

13. Mr. Southern panicked and devolved into a mental health crisis. The two Sacramento officers immediately retreated, and took positions of cover approximately 90 feet away from Mr. Southern. In a show of restraint, the officers utilized proper de-escalation techniques by communicating to Mr. Southern "drop the gun", "it's not worth it", "we don't want to shoot you". The de-escalation proved effective as Mr. Southern never made any verbal threats, advance towards the officers or fired a shot.

14. Other yet-to-be-identified responding Sacramento officers arrived on the scene equipped with high-powered automatic rifles and took the same position of cover as the initial officers.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 4

15. Without supporting the ongoing de-escalate efforts, one of the responding officers fired his rifle, striking Jeremy in the chest. Jeremy fell to the ground and the gun dropped approximately 10-15 feet away from him.

16. Several minutes passed as Jeremy lay motionless on the ground. At no point were efforts made to secure the gun that was 10-15 feet from him, detain the unarmed Jeremy, or extract the witness who was nearby and begged for officers not to kill Jeremy.

17. As Jeremy regained consciousness, he began to slowly stir, first rolling over, and then pushed himself up off his chest with his arms.

18. While facing no immediate threat and standing in a position of cover, an officer fired his high-caliber assault rifle into Jeremy's back. Jeremy was unarmed, suffering from a gunshot wound to his chest and still 10-15 feet from the handgun when he was struck in the back.

19. As a result of the officer's excessive and deadly force, Jeremy suffered extensive pain, suffering and ultimately death. Jeremy's brother, Plaintiff Jimmy Southern suffered the loss of his only biological family member.

## DAMAGES

20. As a direct and proximate result of each of the Defendant's unreasonable and excessive force, Decedent and Plaintiff suffered injuries, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

21. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others.

    a. Wrongful death of Jeremy Southern;

    b. Coroner's fees, funeral and burial expenses;

    c. Loss of familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support;

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 5

    d. Pain and Suffering, including emotional distress;

    e. Jeremy Southern's loss of life, pursuant to federal civil rights law; and

    f. Violation of constitutional rights;

    g. All damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; California Civil Code §§ 52, 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

22. The conduct of Defendants CITY OF SACRAMENTO, and DOES 1-50 was malicious, wanton, oppressive, and in reckless disregard of the rights and safety of Jeremy Southern, Plaintiff, and the public. Plaintiff is therefore entitled to an award of punitive damages against Defendant DOES 1-50.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(Against DOES 1-25)*

23. Plaintiff re-alleges and incorporates by reference each and every paragraph in this Complaint as is fully set forth here.

24. At the time Defendant officer fired the second shot which injured then killed Jeremy Southern, they were not facing any immediate threat or harm, which violated their training, generally accepted law enforcement standards, and Decedent's constitutional rights under the Fourth Amendment.

25. As a direct and proximate result of Defendants Does 1-25 conduct as described above, Decedent sustained serious and permanent injures and is entitled to damages, penalties, costs and attorneys' fees as set forth in paragraphs above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 6

**SECOND CAUSE OF ACTION**
**Violation of Plaintiffs' 14th Amendment Rights/Right to Familial Relationship**
*(Plaintiff against DOES 1-25)*

26. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

27. Defendant's unlawful and provocative tactics and collective uses of force were totally unnecessary and unreasonable under the circumstances, were conscience shocking, and done without legitimate law enforcement purpose, all in violation of Plaintiff's right to be free from wrongful government interference with familial relationships, and Plaintiff's and Decedent's right to companionship, society and support of each other, as secured by the First and Fourteenth Amendments.

28. As a direct and proximate result of Defendant Does 1- 25 conduct as described above, Plaintiff sustained serious and permanent injuries and are entitled to damages, penalties, costs, and attorneys' fees as set forth in paragraphs above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Supervisory and Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)**
*(Plaintiffs against Defendant CITY OF SACRAMENTO and DOES 26-50)*

29. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

30. Plaintiff is informed and believes and therein alleges that CITY OF SACRAMENTO Police Department exhibits a pattern and practice of using excessive force and misconduct against citizens and despite these incidents, none of the Officers are ever found in violation of department policy or disciplined, even under the most questionable of circumstances. CITY

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 7

OF SACRAMENTO Police Department failure to discipline or retrain Defendant Officers is evidence of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting deaths and injuries is a proximate result of the CITY OF SACRAMENTO Police Department's failure to properly supervise its Officers and ratify their unconstitutional conduct.  Plaintiff is informed, believe and therein allege that the following instances are examples of the CITY OF SACRAMENTO'S pattern and practice of condoning misconduct by failure to discipline:

a. On March 28, 2018 Sacramento Officers shot and killed Stephon Clark, alleging that he was armed, when it turned out all he had was a cell phone.[2]

b. On March 6, 2017, Sacramento Officers Ismael Villegas, Casey Dionne and Michael Hight chased an unarmed, John Hernandez, (who had been essentially loitering in front of a convenient store) into a hospital hallway where they tased, beat and used their body weight to compress Hernandez until he asphyxiated. Two witnesses testified that they had overheard Officer Villegas tell Hernandez he was going to "fuck [him] up" with a baton raised in his hand. The officers put Mr. Hernandez into a coma. *John Hernandez, et al. v. City of Sacramento*, (E.D. 2017) Case No: 2:17-cv-02311-JAM-DB.

c. The City of Sacramento paid $550,000 in the case of Nandi Cain, where, in April 2017, Sacramento Police Officer Anthony Figueroa choke slammed Nandi Cain and punched him in the face several times for jaywalking.[3]

---

[2] "Officers who killed Stephon Clark reveal new details about the night he died"
https://www.cnn.com/2019/03/07/us/sacramento-stephon-clark-shooting/index.html

[3] "Man beaten by Sacramento cop after jaywalking stop settles his case for more than money"
https://www.sacbee.com/latest-news/article208138724.html

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 8

    d.   On July 11, 2016, Sacramento Officers Tennis and Loyoza tried to hit a mentally ill person, Joseph Mann, two times with their police vehicle, before getting out of their car and shooting Joseph Mann to death. Both officers left the force following the incident.[4]

31. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants, and Does 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. Sacramento Police Officers shot unarmed Decedent Jeremy Southern because they had the unreasonable fear that the already injured Decedent could crawl 10-15 feet to a gun, pick it up, and fire at officers who had already secured a position of cover.

32. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants and Does 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Decedent's and Plaintiff's rights as alleged herein.

33. As against Defendant CITY OF SACRAMENTO, DOES 1-50 in his/their capacity as police officer(s) for the City of Sacramento, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF SACRAMENTO POLICE DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.  This is

---

[4] "Controversial shooting of black man by Sacramento police ends with officers leaving force"
https://www.sacbee.com/news/local/crime/article180804391.html

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 9

reinforced by the fact that the officers in the aforementioned excessive force incidents s well as the one underlying this complaint have not been disciplined and/or re-trained.

34. The unconstitutional actions and/or omissions of Does 1-50, as well as other officers employed by or acting on behalf of Defendant CITY OF SACRAMENTO on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the Sacramento Police Department stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for CITY OF SACRAMENTO:

   a. To cover-up violations of constitutional rights by any or all of the following:

      i. by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force;

      ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

      iii. by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

   b. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

   c. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.;

   d. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint, with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies,

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 10

procedures, and training programs to prevent recurring and foreseeable violations of rights of the type described herein.

35. Defendants CITY OF SACRAMENTO and DOES 26-50 failed to properly train, instruct, monitor, supervise, evaluate, investigate, and discipline Does 1-25, and other SPD personnel, with deliberate indifference to Plaintiff's and Decedent's constitutional rights, where were thereby violated as described above.

36. The unconstitutional actions and/or omissions of Does 1-25, and other SPD personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the SPD.  Plaintiff is informed and believes and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within the City of Sacramento and the SPD, and that such policy makers have direct knowledge of the fact that the killing of Jeremy Southern was not justified, but rather represented an unconstitutional use of unreasonable, excessive, and deadly force.  Notwithstanding this knowledge, the authorized policy makers within the City of Sacramento and SPD have approved the yet-to-be identified officer's shooting of Jeremy Southern, and have made a deliberate choice to endorse the yet-to-be-identified officer's shooting of Jeremy Southern and the basis for that shooting.  By doing so, the authorized policy makers within the City of Sacramento and the SPD have shown affirmative agreement with the actions of Does 1-25, and have ratified the unconstitutional acts of Does 1-25.

37. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 11

wrongful conduct of Defendant City of Sacramento and Does 26-50, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 U.S.C. §1983, as more fully set forth in Cause of Action 1-3, above.

38. Defendants subjected Plaintiff and Decedent to their wrongful conduct, depriving Plaintiff and Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and Decedent and others would be violated by their acts and/or omissions.

39. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants City of Sacramento and Does 26-50 as described above, plaintiff sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorneys' fees as set forth in paragraphs 21-23 above.

## JURY DEMAND

40. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, against each and every Defendant, jointly and severally, as follows:

1. For general damages in a sum to be proven at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages against DOES 1-50 in a sum according to proof;

4. Declaratory and injunctive relief, including but not limited to the following:

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 12

     i. an order prohibiting Defendants CITY OF SACRAMENTO from engaging in the unconstitutional customs, policies, practices, procedures, training and supervision as may be determined and/or adjudged by this case;

     ii. an order requiring Defendant CITY OF SACRAMENTO to institute and enforce appropriate and lawful policies and procedures for the use of deadly force;

     iii. an order requiring Defendant CITY OF SACRAMENTO to train all law enforcement officers concerning generally accepted and proper tactics and procedures and this Court's orders concerning the issues raised in injunctive relief requests above;

5. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, and as otherwise may be allowed by federal law;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Date: August 31, 2020          Respectfully submitted,

**POINTER & BUELNA, LLP**

**LAWYERS FOR THE PEOPLE**

/s/ Patrick Buelna
ADANTÉ POINTER
PATRICK M. BUELNA
COUNSEL FOR PLAINTIFF

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 13