Dean Gazzo Roistacher LLP
Mitchell D. Dean, Esq. (SBN 128926)
Lee H. Roistacher, Esq. (SBN 179619)
Adrian M. Paris, Esq. (SBN 301355)
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Telephone: (858) 380-4683
Facsimile: (858) 492-0486
E-mail: mdean@deangazzo.com
lroistacher@deangazzo.com
aparis@deangazzo.com

Attorneys for Defendants
City of Sacramento and Drake Walker, individually and in his capacity as a City of Sacramento Police Officer

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JIMMY SOUTHERN, individually and as successor-in-interest to Decedent JEREMY SOUTHERN,

Plaintiff,

v.

CITY OF SACRAMENTO, a municipal corporation; DRAKE WALKER, individually and in his capacity as a City of Sacramento Police Officer; and DOES 1-20, inclusive,

Defendants.

Case No.: 2:20-cv-01765-MCE-AC

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF SACRAMENTO AND DRAKE WALKER'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Date: December 15, 2022
Time: 10:00 a.m.
Courtroom: 7
Judge: Hon. Morrison C. England, Jr.
Magistrate: Hon. Allison Claire

///

///

///

///

///

///

///

///

///

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF SACRAMENTO AND DRAKE WALKER'S MOTION FOR JUDGMENT ON THE PLEADINGS

Case No. 2:210-cv-01765-MCE-AC

# TABLE OF CONTENTS

INTRODUCTION……………………………………………………………………………1

AUTHORITY………………………………………………………………………...…2

ARGUMENT…………………………………………………………………………...…2

A. Jimmy Southern's Second Claim For Relief For Interference With The Familial Relationship Jimmy Had With His Brother Fails Because Ninth Circuit Case Law Holds Siblings Have No First Or Fourteenth Amendment Association Rights With Each Other And No Clearly Established Law Provides Otherwise……………………………………………………………..2

1. Qualified Immunity…………………………………………………………..2

2. Analysis……………………………………………………………………3

B. Jimmy Southern's Third Claim For Relief Under 42 U.S.C. Section 1983 For Supervisor And Municipal Liability Fails Because Siblings Have No First Or Fourteenth Amendment Association Rights With Each Other………...4

C. Jimmy Southern's Fifth Claim For Relief Under California's Bane Act Fails Because Siblings Have No First Or Fourteenth Amendment Association Rights With Each Other And Article 1, § 13 of the California Constitution Confers No Association Rights……………………………………………....5

CONCLUSION……………………………………………………………………………6

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)……………………………………………………………….…4

*Chandavong v. Fresno Deputy Sheriff's Ass'n*
No. 1:21-CV-0675 AWI EPG, 2022 U.S. Dist. LEXIS 75326 (E.D. Cal. Apr. 22, 2022)…………………………………………………………..2

*Chaudhry v. City of Los Angeles*
751 F.3d 1096 (9th Cir. 2014)………………………………………………….….5

*City of Canton v. Harris*
489 U.S. 378 (1989)……………………………………………………………….4

*Corales v. Bennett*
567 F.3d 554 (9th Cir. 2009)………………………………………………………5

*Cornejo v. Ocwen Loan Serv'g LLC.*
151 F.Supp.3d 1102 (E.D. Cal. 2015)……………………………………………..2

*Crowley v. Bannister*
734 F.3d 967 (9th Cir. 2013)………………………………………………………4

*Dougherty v. City of Covina*
654 F.3d 892 (9th Cir. 2011)…………...…………………………………………4

*Dworkin v. Hustler Magazine, Inc.*
867 F.2d 1188 (9th Cir.1989)……………………………………………………..…2

*J.K.J. v. City of San Diego*
17 F.4th 1247 (9th Cir. 2021)………………………………………………………...2

*J.P. by and through Villanueva v. County of Alameda*
803 Fed. App'x 106 (9th Cir. 2020)……………………………………………….3

*Lockett v. County of Los Angeles*
977 F.3d 737 (9th Cir. 2020)…………………………………………………....4, 5

*Mann v. City of Sacramento*
No. 21-15440, 2022 U.S. App. LEXIS 16453 (9th Cir. June 14, 2022)………………..3

*Mays v. Wal-Mart Stores, Inc.*
354 F.Supp.3d 1136 (C.D. Cal. 2019)……………………………………………..2

*Monell v. Dep't of Soc. Servs.*
436 U.S. 658 (1978)…………………………………………………………….4, 5

*Monterrosa v. City of Vallejo*
No. 2:20-cv-01563-TLN-DB, 2021 U.S. Dist. LEXIS 26791 (E.D. Cal. Feb. 10, 2021)……………………………………………………………….3

iii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF SACRAMENTO AND DRAKE WALKER'S MOTION FOR JUDGMENT ON THE PLEADINGS

Case No. 2:210-cv-01765-MCE-AC

*Reese v. County of Sacramento*
888 F.3d 1030 (9th Cir. 2018)…………………………………………………..…5

*Starr v. Baca*
652 F.3d 1202 (9th Cir. 2011)…………………………………………………..…4

*Ward v. San Jose*
967 F.2d 280 (9th Cir. 1991)………………………………………………….....3

*Westlands Water Dist. v. Firebaugh Canal*
10 F.3d 667 (9th Cir.1993)………………………………………………………..2

*White v. Pauly*
137 S. Ct. 548 (2017)……………………………………………………………...2

*Williamson v. City of Nat'l City*
23 F.4th 1146 (9th Cir. 2022)……………………………………………………...5

*Wright v. S. Ariz. Child.'s Advocacy Ctr.*
No. CV-21-00257-TUC-JGZ, 2022 U.S. Dist. LEXIS 179104
(D. Ariz. Sep. 30, 2022)…………………………………………………………...3

**Statutes**

42 U.S.C. § 1983……………………………………………………………..2, 3, 4

Cal. Civ. Code § 52.1……………………………………………………………...5

Fed. R. Civ. P. 12………………………………………………………………….2

**Other**

California Constitution, Article 1, §13…………………………………………….1, 5

iv

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF SACRAMENTO AND DRAKE WALKER'S MOTION FOR JUDGMENT ON THE PLEADINGS

Case No. 2:210-cv-01765-MCE-AC

**INTRODUCTION**

Jeremy Southern was fatally shot by City of Sacramento police officer Drake Walker during an armed confrontation with law enforcement. *See generally*, Second Amended Complaint, Doc. No. 15, pp. 5-6 ¶¶ 12-19. Jimmy Southern is Jeremy's brother and successor in interest under California law. *Id.* at pp. 2-3 ¶¶ 1-2. As the successor in interest, Jimmy asserts "survivor claims" on Jeremy's behalf. *See generally*, Doc. No. 15. As an individual, Jimmy also asserts claims on his own behalf for harm personally suffered. *Id.*

Relevant to this motion, Jimmy asserts against Walker individual claims for relief under 42 U.S.C. 1983 for interference with familial relations in violation of the Fourteenth Amendment (second cause of action). *Id.* at pp. 7:21-22. Although the title to the claim specifies only the Fourteenth Amendment, the allegations reference both the First and Fourteenth Amendments. *Id.* at pp. 7-8 ¶ 27.

Jimmy also asserts on his own behalf claims under section 1983 against the City for supervisor and municipal liability (third cause of action). *Id.* at p. 8:11-13. Although the allegations do not specify the constitutional right underlying Jimmy's supervisor and municipal liability claims, it is necessarily his alleged familial association rights under the First and Fourteenth Amendments. *See id.* at pp. 7-8 ¶ 27, p. 14 ¶ 47(c).

Jimmy's individual claim under California's Bane Act (fifth cause of action) against Walker and the City is likewise based on a violation of his alleged First and Fourteenth Amendment familial association rights. *Id.* at p. 14:5-7, ¶ 47(c). Jimmy also alleges as support for his Bane Act claim a violation of his familial association rights under Article 1, § 13 of the California Constitution. *Id.* at p. 14 ¶ 47(c). Because this provision deals with searches and seizures, it confers no familial association rights.

Success by Jimmy on the individual claims just discussed is dependent on having a recognized association right with Jeremy, his brother, under the First or Fourteenth Amendment. Ninth Circuit case law establishes siblings do not have association rights under either. This Court should accordingly enter judgment against Jimmy on the individual claims he brings in the second, third and fifth claims for relief.

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF SACRAMENTO AND DRAKE WALKER'S MOTION FOR JUDGMENT ON THE PLEADINGS

Case No. 2:210-cv-01765-MCE-AC

## AUTHORITY

"After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings are analyzed the same as Rule 12(b) motions. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989). "[A] judgment on the pleadings is appropriate when, even if all allegations in the complaint are true, the moving party is entitled to judgment as a matter of law." *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir.1993). "[A]lthough Rule 12(c) 'does not expressly authorize "partial" judgments, neither does it bar them; it is common practice to apply Rule 12(c) to individual causes of action.'" *Chandavong v. Fresno Deputy Sheriff's Ass'n*, No. 1:21-CV-0675 AWI EPG, 2022 U.S. Dist. LEXIS 75326, at *3 (E.D. Cal. Apr. 22, 2022) (quoting and citing *Mays v. Wal-Mart Stores, Inc.*, 354 F.Supp.3d 1136, 1141 (C.D. Cal. 2019) and *Cornejo v. Ocwen Loan Serv'g LLC*, 151 F.Supp.3d 1102, 1107 (E.D. Cal. 2015)).

## ARGUMENT

### A. Jimmy Southern's Second Claim For Relief For Interference With The Familial Relationship Jimmy Had With His Brother Fails Because Ninth Circuit Case Law Holds Siblings Have No First Or Fourteenth Amendment Association Rights With Each Other And No Clearly Established Law Provides Otherwise

#### 1. Qualified Immunity

As the Supreme Court has explained, "[q]ualified immunity is important to society as a whole and because as an immunity from suit, qualified immunity is effectively lost if a case is erroneously permitted to go to trial." *White v. Pauly*, 137 S. Ct. 548, 551 (2017).

Courts engage in a two-pronged analysis to determine whether qualified immunity applies. "'Qualified immunity shields government officials under § 1983 unless "(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time."'" *J.K.J. v. City of San Diego*, 17 F.4th 1247, 1258 (9th Cir. 2021) (citations omitted).

///

///

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF SACRAMENTO AND DRAKE WALKER'S MOTION FOR JUDGMENT ON THE PLEADINGS

Case No. 2:210-cv-01765-MCE-AC

**2.    Analysis**

Again, Jimmy's second claim for relief is titled as a Fourteenth Amendment loss of familial association claim but he also alleges a violation of his First Amendment association rights. Walker accordingly addresses both.

Siblings do not have familial association rights with each other under the Fourteenth Amendment. *Ward v. San Jose*, 967 F.2d 280, 283-84 (9th Cir. 1991), as amended (Fourteenth Amendment); *see Monterrosa v. City of Vallejo*, No. 2:20-cv-01563-TLN-DB, 2021 U.S. Dist. LEXIS 26791, at *33 (E.D. Cal. Feb. 10, 2021) ("As Michelle and Ashley are adult siblings attempting to plead a § 1983 claim for violations of their right to familial association under the Fourteenth Amendment, their claim is foreclosed by the Ninth Circuit's holding in *Ward*.").

Nor do siblings have familial association rights with each other under the First Amendment. *Mann v. City of Sacramento*, No. 21-15440, 2022 U.S. App. LEXIS 16453, at *2-3 (9th Cir. June 14, 2022) (unpublished); *J.P. by and through Villanueva v. County of Alameda*, 803 Fed. App'x 106, 109 (9th Cir. 2020). As the Ninth Circuit explained in *J.P*:

> No viable loss-of-familial-association claim exists for siblings under the First Amendment. A familial relationship grounds the loss of familial association claims under the First and Fourteenth Amendments. [Citation]. Thus far, that familial relationship has been limited to that between a parent and child. [Citation]. In *Ward v. City of San Jose*, [ ], as amended, we explicitly ruled that siblings do not possess a cognizable liberty interest to assert a loss of familial association claim under the Fourteenth Amendment. No basis exists to disregard this precedent simply because the claim is raised under the First Amendment rather than the Fourteenth Amendment.

*Id.* at 109; *see also Monterrosa*, 2021 U.S. Dist. LEXIS 26791, at *35 (relying on *J.P.* to find no First Amendment right to association for siblings); *Wright v. S. Ariz. Child.'s Advocacy Ctr.*, No. CV-21-00257-TUC-JGZ, 2022 U.S. Dist. LEXIS 179104, at *12 (D. Ariz. Sep. 30, 2022) (same).

In sum, Walker is entitled to qualified immunity on Jimmy's loss of familial association claim because siblings have no association rights with each other under the First or Fourteenth Amendments and no clearly established law provides otherwise.

///

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS CITY OF SACRAMENTO AND DRAKE
WALKER'S MOTION FOR JUDGMENT ON THE PLEADINGS

Case No. 2:210-cv-01765-MCE-AC

**B. Jimmy Southern's Third Claim For Relief Under 42 U.S.C. Section 1983 For Supervisor And Municipal Liability Fails Because Siblings Have No First Or Fourteenth Amendment Association Rights With Each Other**

A public entity cannot be vicariously liable under section 1983; liability exists only if a constitutional violation was caused by an established policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *see also City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Likewise, "[u]nder Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation omitted). "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009).

"In order to establish liability for governmental entities under *Monell*, a plaintiff must prove (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy [or custom]; (3) that this policy [or custom] amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy [or custom] is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quotation marks and citation omitted).

"A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

Although Jimmy does not specifically allege in this claim what constitutional right of his was violated, Jimmy elsewhere alleges a violation of this First and Fourteenth Amendment association rights and he incorporates those allegations into this claim. Doc. No. 15, pp. 7-8 ¶ 27 (alleging violation of association rights under First and Fourteenth Amendments); *id.* at p. 8 ¶ 29 (incorporating prior allegations); *see also id.* at p. 14 ¶ 47(c) (alleging violation of association rights under First and Fourteenth Amendments).

This claim fails because a condition precedent to both *Monell* and supervisor liability claims is an underlying violation of the plaintiff's constitutional rights. *See Lockett v. County*

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF SACRAMENTO AND DRAKE WALKER'S MOTION FOR JUDGMENT ON THE PLEADINGS

Case No. 2:210-cv-01765-MCE-AC

*of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (no *Monell* liability without an underlying constitutional violation); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (no supervisor liability without underlying constitutional violation).   As already discussed, Jimmy suffered no violation of this First or Fourteenth Amendment association rights because siblings have no such association rights with each other.

**C.   Jimmy Southern's Fifth Claim For Relief Under California's Bane Act Fails Because Siblings Have No First Or Fourteenth Amendment Association Rights With Each Other And Article 1, § 13 of the California Constitution Confers No Association Rights**

California Civil Code 52.1 "'provides a cause of action for violations of a plaintiff's state or federal civil rights committed by "threats, intimidation, or coercion."'" *Reese v. County of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018) (quoting *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014)).

Jimmy alleges a violation of his "right to a familial relation as secured by the First & Fourteenth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution."  Doc. No. 15, p. 14 ¶ 47(c).

Again, Jimmy suffered no violation of this First or Fourteenth Amendment association rights because siblings do not have association rights with each other under either the First or Fourteenth Amendment.  And Article 1, § 13 of the California Constitution deals with searches and seizures and confers no association rights.[1]

Because Jimmy suffered no violation of his constitutional rights, his Bane Act claim fails. *Williamson v. City of Nat'l City*, 23 F.4th 1146, 1155 (9th Cir. 2022) ("California's Bane Act requires proof of an underlying constitutional violation.").

///

///

---

[1] It provides: "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable seizures and searches may not be violated; and a warrant may not issue except on probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons and things to be seized." Cal Const, Art. I § 13.

5
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS CITY OF SACRAMENTO AND DRAKE
WALKER'S MOTION FOR JUDGMENT ON THE PLEADINGS

Case No. 2:210-cv-01765-MCE-AC

**CONCLUSION**

Judgment is appropriate on the individual claims Jimmy asserts in the second, third and fifth claims for relief. This Court should grant this motion.

Dated: November 8, 2022

Dean Gazzo Roistacher LLP

By: */s/ Lee H. Roistacher*
Mitchell D. Dean
Lee H. Roistacher
Adrian M. Paris
Attorneys for Defendants
City of Sacramento;and Drake Walker, individually and in his capacity as a City of Sacramento Police Officer
E-mail: mdean@deangazzo.com
lroistacher@deangazzo.com
aparis@deangazzo.com

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF SACRAMENTO AND DRAKE WALKER'S MOTION FOR JUDGMENT ON THE PLEADINGS

Case No. 2:210-cv-01765-MCE-AC