UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY SOUTHERN, individually and as successor-in-interest to Decedent JEREMY SOUTHERN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SACRAMENTO, a municipal corporation; DRAKE WALKER, individually and in his capacity as a City of Sacramento Police Officer; and DOES 1–50, inclusive,<br><br>Defendants. | No. 2:20-cv-01765-MCE-AC<br><br>**ORDER** |

Plaintiff Jimmy Southern ("Plaintiff") brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants City of Sacramento (the "City") and police officer Drake Walker ("Walker") (collectively, "Defendants") based on the fatal shooting of Plaintiff's brother, Jeremy Southern ("Decedent"), by Walker.  Second Am. Compl., ECF No. 15 ("SAC").  Presently before the Court is Defendants' Motion for Judgment on the Pleadings.  ECF No. 33.  Plaintiff does not oppose this Motion.  ECF No. 36.  For the following reasons, Defendants' Motion is GRANTED.[1]

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Local Rule 230(g).

1

Under Federal Rule of Civil Procedure 12(c),[2] "a party may move for judgment on the pleadings" after the pleadings are closed "but early enough not to delay trial." A motion for judgment on the pleadings pursuant to Rule 12(c) challenges the legal sufficiency of the opposing party's pleadings. See, e.g., Westlands Water Dist. v. Bureau of Reclamation, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992). The standard for evaluating such a motion is essentially the same as the standard applied to a Rule 12(b)(6) motion. Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). A motion for judgment on the pleadings should only be granted if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989) (internal citation omitted). Judgment on the pleadings is also proper when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a Rule 12(c) motion, "all factual allegations in the complaint [must be accepted] as true and construe[d] . . . in the light most favorable to the non-moving party." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings under Rule 12(c) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1046 (9th Cir. 2006) (internal citations and quotation marks omitted).

"[A]lthough Rule 12(c) does not mention leave to amend, courts have discretion both to grant a Rule 12(c) motion with leave to amend, and to simply grant dismissal of the action instead of entry of judgment." Lonberg v. City of Riverside, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (internal citations omitted). While "Rule 12(c) does not expressly authorize 'partial' judgments, neither does it bar them, and it is common

///

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1 practice to apply Rule 12(c) to individual causes of action." Carmen v. S.F. Unified Sch. Dist., 982 F. Supp. 1396, 1401 (N.D. Cal. 1997) (citation omitted).

Here, Defendants seek judgment on the following claims asserted by Plaintiff in his individual capacity: (1) second claim for violation of Plaintiff's First and Fourteenth Amendment rights or right to familial relationship against Walker, see SAC ¶ 27; (2) third claim for supervisory and municipal liability for unconstitutional custom or policy against the City, see id. ¶¶ 29–39; and (3) fifth claim for violation of California's Bane Act, California Civil Code § 52.1, against both Defendants, see id. ¶ 47(c).[3] ECF No. 33, at 1–2. Defendants argue that because Plaintiff is Decedent's brother, he does not have any association rights under the First or Fourteenth Amendments. See ECF No. 33-1, at 6–9. They are correct. See Ward v. City of San Jose, 967 F.2d 280, 283–84 (9th Cir. 1991) (holding that siblings of a decedent lack standing to bring familial association claims under the Fourteenth Amendment); J.P. by and through Villanueva v. Cnty. of Alameda, 803 F. App'x 106, 109 (9th Cir. Mar. 2, 2020) ("No viable loss-of-familial-association claim exists for siblings under the First Amendment.");[4] Monterrosa v. City of Vallejo, No. 2:20-cv-01563-TLN-DB, 2021 WL 516736, at *11–12 (E.D. Cal. Feb. 11, 2021) (adopting J.P.). To the extent Plaintiff's Bane Act claim is based on his First and Fourteenth Amendment claims, it fails for the same reason, as well as the fact that Article I, § 13, of the California Constitution does not confer association rights. See ECF No. 33-1, at 9. Because all three claims fail as a matter of law, amendment would be futile, and Plaintiff seemingly agrees in light of his non-opposition to the Motion.

///
///
///

---

[3] Plaintiff's second claim is brought by Plaintiff in his individual capacity only whereas his third and fifth claims are brought by "Plaintiff both as successor-in-interest to Decedent's survival claim and in his individual capacity . . ." SAC, at 7–8, 14. For purposes of this Motion, the Court only addresses Plaintiff's individual claims. See ECF No. 33-1, at 5, 10; ECF No. 36.

[4] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

      Based on the foregoing, Defendants' Motion for Judgment on the Pleadings, ECF No. 33, is GRANTED.  This case shall proceed on the remaining claims.

      IT IS SO ORDERED.

DATED:  December 20, 2022

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE