1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11    JIMMY SOUTHERN, individually and          No.  2:20-cv-01765-MCE-AC
      as successor-in-interest to Decedent
12    JEREMY SOUTHERN,

13                    Plaintiff,                 **ORDER**

14            v.

15    CITY OF SACRAMENTO, a municipal
      corporation; DRAKE WALKER,
16    individually and in his capacity as a
      City of Sacramento Police Officer; and
17    DOES 1–50, inclusive,

18                    Defendants.

19

20        Plaintiff Jimmy Southern ("Plaintiff") brings this civil rights action pursuant to 42

21   U.S.C. § 1983 against Defendants City of Sacramento (the "City") and police officer

22   Drake Walker ("Walker") (collectively, "Defendants") based on the fatal shooting of

23   Plaintiff's brother, Jeremy Southern ("Decedent").  Second Am. Compl., ECF No. 15

24   ("SAC").  The Court previously granted a Motion for Judgment on the Pleadings brought

25   by Defendants and entered judgment in their favor on Plaintiff's second, third, and fifth

26   claims for relief.  ECF Nos. 33, 38.  Defendants have now filed a Motion for Summary

27   Judgment as to Plaintiff's remaining claims for excessive force, negligence, and battery.

28

                                              1

1   ECF No. 50.  For the following reasons, that Motion is GRANTED.[1]

2

3                               **STANDARD**

4

5        The Federal Rules of Civil Procedure provide for summary judgment when "the

6   movant shows that there is no genuine dispute as to any material fact and the movant is

7   entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v.

8   Catrett, 477 U.S. 317, 322 (1986).  One of the principal purposes of Rule 56 is to

9   dispose of factually unsupported claims or defenses.  Celotex, 477 U.S. at 325.

10       Rule 56 also allows a court to grant summary judgment on part of a claim or

11   defense, known as partial summary judgment.  See Fed. R. Civ. P. 56(a) ("A party may

12   move for summary judgment, identifying each claim or defense—or the part of each

13   claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v.

14   Madan, 889 F. Supp. 374, 378–79 (C.D. Cal. 1995).  The standard that applies to a

15   motion for partial summary judgment is the same as that which applies to a motion for

16   summary judgment.  See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic

17   Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary

18   judgment standard to motion for summary adjudication).

19       In a summary judgment motion, the moving party always bears the initial

20   responsibility of informing the court of the basis for the motion and identifying the

21   portions in the record "which it believes demonstrate the absence of a genuine issue of

22   material fact."  Celotex, 477 U.S. at 323.  If the moving party meets its initial

23   responsibility, the burden then shifts to the opposing party to establish that a genuine

24   issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co., Ltd. v.

25   Zenith Radio Corp., 475 U.S. 574, 586–87 (1986); First Nat'l Bank v. Cities Serv. Co.,

26   391 U.S. 253, 288–89 (1968).

27       [1] Because oral argument would not have been of material assistance, the Court ordered this
matter submitted on the briefs.  E.D. Local Rule 230(g).

28

1    In attempting to establish the existence or non-existence of a genuine factual

2  dispute, the party must support its assertion by "citing to particular parts of materials in

3  the record, including depositions, documents, electronically stored information,

4  affidavits[,] or declarations . . . or other materials; or showing that the materials cited do

5  not establish the absence or presence of a genuine dispute, or that an adverse party

6  cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  The

7  opposing party must demonstrate that the fact in contention is material, i.e., a fact that

8  might affect the outcome of the suit under the governing law.  Anderson v. Liberty Lobby,

9  Inc., 477 U.S. 242, 248, 251–52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and

10 Paper Workers, 971 F.2d 347, 355 (9th Cir. 1992).  The opposing party must also

11 demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is

12 such that a reasonable jury could return a verdict for the nonmoving party."  Anderson,

13 477 U.S. at 248.  In other words, the judge needs to answer the preliminary question

14 before the evidence is left to the jury of "not whether there is literally no evidence, but

15 whether there is any upon which a jury could properly proceed to find a verdict for the

16 party producing it, upon whom the onus of proof is imposed."  Anderson, 477 U.S. at 251

17 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original).

18 As the Supreme Court explained, "[w]hen the moving party has carried its burden under

19 Rule [56(a)], its opponent must do more than simply show that there is some

20 metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586.  Therefore,

21 "[w]here the record taken as a whole could not lead a rational trier of fact to find for the

22 non-moving party, there is no 'genuine issue for trial.'"  Id. at 587.

23    In resolving a summary judgment motion, the evidence of the opposing party is to

24 be believed, and all reasonable inferences that may be drawn from the facts placed

25 before the court must be drawn in favor of the opposing party.  Anderson, 477 U.S. at

26 255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's

27 obligation to produce a factual predicate from which the inference may be drawn.

28 Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd,

1   810 F.2d 898 (9th Cir. 1987).

2

3                                  **ANALYSIS**

4

5          As is relevant here, Defendants move for summary judgment on the basis that

6   Plaintiff lacks standing to pursue claims on behalf of Decedent, who died on July 21,

7   2020.  Under California law, Decedent's claims may be pursued by either a personal

8   representative of his estate or, if there is no such representative, by his successor in

9   interest.  Cal. Code Civ. Pro. § 377.30.  There is currently no representative of

10  Decedent's estate, and because Decedent died intestate, his successors are determined

11  by statute:

12                  Except as provided in Section 6402.5, the part of the intestate
                    estate not passing to the surviving spouse, under Section
13                  6401, or the entire intestate estate if there is no surviving
                    spouse, passes as follows:
14
                    (a) To the issue of the decedent, the issue taking equally if they
15                  are all of the same degree of kinship to the decedent, but if of
                    unequal degree those of more remote degree take in the
16                  manner provided in Section 240.

17                  (b) If there is no surviving issue, to the decedent's parent or
                    parents equally.
18
                    (c) If there is no surviving issue or parent, to the issue of the
19                  parents or either of them, the issue taking equally if they are
                    all of the same degree of kinship to the decedent, but if of
20                  unequal degree those of more remote degree take in the
21                  manner provided in Section 240.

22  Cal. Probate Code § 6402.  Plaintiff is Decedent's brother, but Defendants have offered

23  evidence that Decedent was adopted in 1999, that his adoptive mother, Ina Southern, is

24  still living, and that she is thus Decedent's rightful successor in interest.  Defendants'

25  arguments are well taken.

26          In fact, Plaintiff does not contest these facts, but instead argues that Plaintiff and

27  Decedent's sister, Ida Southern, testified at her deposition in May 2023 that she believed

28
                                          4

1  that Ina[2] had either lost custody or surrendered custody of Decedent prior to him

2  reaching the age of majority.  Decl. of Patrick Buelna, Ex. 12.  In addition, at the end of

3  November 2023, Plaintiff filed a petition to be appointed as the estate representative.

4  Id., Ex. 14.

5        Ultimately, it is undisputed that Ina Southern adopted Decedent, and it is

6  speculative at best that she ever surrendered her parental rights.  Ida's vague

7  recollections are insufficient to create a triable issue of fact, and Plaintiff has been on

8  notice for months that it would be necessary to locate actual evidence that Ina's parental

9  rights were terminated, if that was actually the case.  The evidence before the Court

10  establishes that Ina, and not Plaintiff, has standing to pursue this action.  Moreover,

11  Plaintiff's eleventh-hour attempt to establish himself as representative of the estate,

12  especially since he admits in his probate application that Ina was his adoptive mother, is

13  unhelpful.[3]  Plaintiff has been on notice for months that standing was an issue in this

14  action.  In fact, in April 2023, at Plaintiff's deposition, counsel advised that they were

15  planning to substitute Plaintiff as the personal representative of the estate.  Decl. of

16  Ricardo Baca, ECF No. 50-3, Ex. C.  No effort was timely made, however, to establish

17  Plaintiff as Decedent's representative, and it is far from clear that he is entitled to be so

18  appointed in any event.  Accordingly, on this record, Defendants have shown they are

19  entitled to judgment as a matter of law.

20

21  **CONCLUSION**

22

23        Defendants' Motion for Summary Judgment (ECF No. 50) is GRANTED.  The

24

---

25  [2] Given the identical surnames, the Court uses Ina and Ida's first names going forward.

26  [3] Plaintiff filed an incomplete copy of the Petition with this Court, omitting the pages where Plaintiff discusses Decedent's relatives and lists both Ina and Ida as Decedent's next of kin.  Decl. of Richard Baca, ECF No. 58-1, Ex. K.  It is rather damning that Plaintiff listed Ina as Decedent's adoptive mother in

27  one court filing at the same time he is arguing before this Court that her rights were terminated.  Had Plaintiff provided the entire document in the first place, the optics would likely not be as bad.  As it stands,

28  it appears that Plaintiff was attempting to mislead this Court.

1    Clerk of the Court is directed to enter judgment in the defendants favor and close this

2    case.

3          IT IS SO ORDERED.

4

5    Dated:  December 13, 2023

6

7    MORRISON C. ENGLAND, JR.
     SENIOR UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28