UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY SOUTHERN, individually and as successor-in-interest to Decedent JEREMY SOUTHERN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SACRAMENTO, a municipal corporation; DRAKE WALKER, individually and in his capacity as a City of Sacramento Police Officer; and DOES 1–50, inclusive,<br><br>Defendants. | No. 2:20-cv-01765-MCE-AC<br><br>**ORDER** |

Plaintiff Jimmy Southern ("Plaintiff") brought this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants City of Sacramento (the "City") and police officer Drake Walker ("Walker") (collectively, "Defendants") based on the fatal shooting of Plaintiff's brother, Jeremy Southern ("Decedent").  Second Am. Compl., ECF No. 15 ("SAC").  The Court previously granted a Motion for Judgment on the Pleadings brought by Defendants and entered judgment in their favor on Plaintiff's second, third, and fifth claims for relief.  ECF Nos. 33, 38.  More recently, the Court granted Defendants' Motion for Summary Judgment as to Plaintiff's remaining claims for excessive force, negligence, and battery after concluding that Plaintiff lacked standing to pursue the instant claims.

1  ECF No. 59.  Presently before the Court is Defendants contested Bill of Costs, by which
2  Defendants seek to recover $19,270.15 is litigation costs.  ECF No. 63.
3        The Court declines to award costs.  See <u>Escriba v. Foster Poultry Farms, Inc.</u>,
4  1247-48 (9th Cir. 2014) ("Appropriate reasons for denying costs include:  (1) the
5  substantial public importance of the case, (2) the closeness and difficulty of the issues in
6  the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial
7  resources, and (5) the economic disparity between the parties."); <u>Save Our Valley v.
8  Sound Transit</u>, 335 F.3d 932, 945 (9th Cir. 2003) (holding "that the district court abused
9  its discretion in rejecting a losing civil rights plaintiff's motion to deny costs to the
10 defendant without considering: (1) the plaintiff's limited financial resources and (2) the
11 chilling effect on future civil rights litigants of imposing high costs").  Each of the factors
12 weighs against taxing costs against this civil rights plaintiff, who has limited financial
13 resources when compared to Defendants.  Moreover, taxing costs would likely chill
14 future litigation in such difficult and important cases.  Accordingly, the Court concludes
15 that awarding Defendants their costs in this case would be inappropriate.
16       IT IS SO ORDERED.
17
18 Dated:  January 16, 2024

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE